MILLER, Adm'r &c., vs. BLINEBURY and another.

*Chattel Mortgage—Delivery.*

A chattel mortgage executed without the knowledge of the mortgagees, and delivered by the mortgagor to a person who acted merely as his agent and not as the agent of the mortgagees, to be put on file, is invalid as against the creditors of the mortgagor.

ERROR to the Circuit Court for *Fond du Lac* County.

The action below was replevin for cattle, and was brought by *Harriet and Jane Blinebury* against *Miller* as administrator of one Cron. Defense, that Cron, as sheriff, seized the cattle as the property of one Goodrich, under a writ of attachment. Plaintiffs claimed under a chattel mortgage. Verdict and judgment for the plaintiff below. One of the errors assigned by *Miller* is the refusal of certain instructions asked by him; which will sufficiently appear from the opinion.

*Thorp, Shelly & Frisby*, for plaintiff in error.

*George W. Foster*, for defendants in error.

COLE, J. It appears to us that the first two instructions asked by the defendant below were pertinent, and should have been given. They are, in substance and effect, that if the jury believed from the evidence that the mortgagor, Goodrich,

did not deliver the chattel mortgage to Lemley for the use and benefit of the plaintiffs, and unless Lemley accepted and received the mortgage for them, and gave it to the town clerk to be filed, the instrument was void as to the creditors of Goodrich. It is an admitted fact in the case, that the mortgagees were not present when the chattel mortgage was executed by Goodrich, and there is certainly considerable evidence to show that Goodrich executed the mortgage without the knowledge of the plaintiffs, and himself employed Lemley to take it and place it on file. Now, suppose the jury had been satisfied from the testimony that Goodrich himself gave the mortgage to Lemley, not for the use and benefit of the mortgagees, but really intending to retain control of the instrument: then it is very evident that the instrument never became operative, there not being any unconditional delivery of it by the mortgagor. The question whether there had been a proper delivery of the mortgage was one of the issues in the cause. It was claimed by the plaintiffs in the attachment suit, that Goodrich made the mortgage and placed it on file in the absence of and without the knowledge of the plaintiffs, and that Lemley acted all through the matter as his agent and not on behalf of the mortgagees. And Lemley himself states in his testimony, in substance, that he received the mortgage and placed it on file merely to accommodate Goodrich, and for no other reason, and did not consider himself as acting as agent for the plaintiffs at the time. This was his understanding of the character of his agency. If Goodrich placed the mortgage in his hands, not for the use and benefit of the plaintiffs but merely to have him place it on file for his own use, then it is evident there was no sufficient delivery of the instrument. *McCourt v. Myers*, 8 Wis., 236 ; *Welch v. Sackett*, 12 id., 243. Without expressing any opinion upon the other points made by counsel, it appears to us there must be a new trial on account of the refusal of the circuit court to give the two instructions above referred to.

*By the Court.*—Judgment reversed, and a *venire de novo* awarded.